# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JEANETTE LARSEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASSURANT INC., d/b/a ASSURANT ) <br> HEALTH, d/b/a TIME INSURANCE ) <br> COMPANY ) <br> ) <br> Defendant. ) <br> ) <br> _____) | Case No. 3:09-CV-00038 <br><br> ORDER |

This matter is before the court upon Plaintiff's Motion to Remand. For the reasons set forth below, the motion is denied.

Plaintiff Jeanette Larsen filed suit in December 2008 against Defendant Time Insurance Company, in a three-count complaint, in the General Court of Justice, Superior Court Division in Mecklenburg County, North Carolina. Plaintiff sought in excess of $20,000 for her breach of contract claim. In Plaintiff's second claim, for unfair trade practices, she sought statutory treble damages and statutory attorney's fees pursuant to N.C.G.S. §§ 75-16 and 75-16.1. Thirdly, Plaintiff sought compensatory and punitive damages for bad faith insurance litigation. Defendant removed to this court on the basis of diversity jurisdiction, alleging that the amount in controversy exceeded $75,000. Plaintiff now moves to remand this case back to Mecklenburg County Superior Court under 28 U.S.C. §1447(c).

The party seeking to preserve the removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chemicals Co. Inc.*, 29 F.3d 148, 151 (4th Cir.

1994).  Under 28 U.S.C. § 1332(a) the district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a).  This court will follow most other district courts in the Fourth Circuit in applying the preponderance of the evidence standard for the purposes of removal. *Colvey v. Captain D's, LLC.*, 2008 WL 4104577, *1 (W.D.N.C. Aug. 29, 2008).  In order to satisfy the burden of preponderance of the evidence, Defendant must show that it is more likely than not that the amount in controversy exceeds $75,000. *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 583 (S.D. W.Va. 1999).

Defendant has satisfied its burden to show that it is more likely than not that the amount in controversy threshold is met.  For the second claim, Plaintiff uses $23,000 as an example of her compensatory damages, as she incurred in excess of $20,000 in medical bills.  Thus, as Plaintiff will be seeking to recover three times this number, damages will equal $69,000 or more.

Plaintiff also seeks to recover statutory attorney's fees under to N.C.G.S. § 75-16.1.  The court will follow *Woods v. Nat'l Mut. Ins. Co.* where the attorneys' fees were valued at one-third of the primary amount in controversy.  2006 WL 1706040, *2 (N.D. W.Va. June 16, 2006).  The attorney's fees, equaling $7,667, added to the $69,000 in potential treble damages equals $76,667, which exceeds the jurisdictional threshold of $75,000.

Furthermore, Plaintiff is seeking compensatory and punitive damages.  The court may include punitive damages in determining the amount in controversy. *Patton v. Fifth Third Bank*, 2006 WL 771924, *2 (S.D. W.Va. March 24, 2006); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395, 413 (S.D. W.Va. 2005).  Therefore, using common sense, the amount in controversy easily exceeds $75,000.

In sum, Defendant has satisfied its burden to show that it is more likely than not that the amount in controversy threshold has been met.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is hereby **DENIED**.

Signed: June 16, 2009

Graham C. Mullen
United States District Judge